UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EASTERN REGIONAL MEDICAL CENTER,
INC. and CANCER TREATMENT CENTERS OF
AMERICA PROFESSIONAL CORPORATION OF                    5:18-cv-00396-(BKS-TWD)
PENNSYLVANIA, P.C.,

                                           Plaintiffs,

v.

CHERYL FRY,

                                           Defendant.
_____

**Appearances:**

*For Plaintiffs:*
Jacqueline M. Aiello, Esq.
Lijue Thomas Philip, Esq.
Stradley Ronon Stevens & Young LLP
100 Park Avenue, Suite 2000
New York, NY 10017

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiffs Eastern Regional Medical Center, Inc. and Cancer Treatment Centers of America Professional Corporation of Pennsylvania, P.C. bring this diversity action against Defendant Cheryl Fry alleging that Defendant breached the parties' General Authorization and Conditions of Service Agreement by failing to pay $273,679.27 for medical services and treatments. (Dkt. No. 1, ¶¶ 18–26). Plaintiffs also bring causes of action for "quantum meruit/unjust enrichment" and promissory estoppel. (*Id.* ¶¶ 27–44). Defendant has neither answered the Complaint nor otherwise appeared in this action. (*See* Dkt. Nos. 7, 11). Presently

before the Court is Plaintiffs' motion for default judgment under Rule 55(b)(1) of the Federal Rules of Civil Procedure. (Dkt. No. 18). Plaintiffs seek $273,679.27 in principal and an award of post-judgment interest pursuant to 28 U.S.C. § 1961.[1] (Dkt. No. 19). Plaintiff's motion is granted in part and denied in part.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are medical corporations incorporated and with their principal place of business in Pennsylvania. (Dkt. No. 1, ¶¶ 1–2). Defendant is an adult citizen domiciled in New York. (*Id.* ¶ 3). Defendant was the spouse of Edward Fry (the "Patient"), who sought medical treatment from Plaintiffs during the period from October 2016 to April 2017. (*Id.* ¶¶ 6–7). On October 20, 2016, Patient, who is now deceased, (*id.* ¶ 6), and Defendant entered into a General Authorization and Conditions of Service Agreement (the "Agreement") with Plaintiffs, (*id.* at 10–11). Defendant signed the Agreement as a "spouse/guarantor." (*Id.* at 11). The Agreement contains the following "Financial Guarantee" provision: "I hereby agree that I am unconditionally personally liable for all services rendered to me or on my behalf by Eastern, Professional Corporation Pennsylvania, and by their respective employees and independent contractors during my visit to the hospital." (*Id.* at 10). Defendant also agreed to an "Assignment of Insurance Benefits & Authorization to File Insurance Appeal" provision, which states that Defendant must "immediately endorse and deliver to . . . [Plaintiffs] . . . insurance checks, upon receipt." (*Id.* at 11). Plaintiffs provided medical services to the Patient. (*Id.* ¶ 11). Despite a demand for payment, Defendant has not paid for services rendered under the Agreement, and the total amount due is $273,679.27. (*Id.* ¶¶ 13–14). In addition, Defendant has received checks from

---

[1] Although the Complaint seeks reasonable attorneys' fees, (Dkt. No. 1, at 8), Plaintiffs do not request an award of attorneys' fees in their motion.

2

the Patient's health insurers or health plans for the medical services rendered by Plaintiffs, but Defendant has failed to deliver or endorse the checks to Plaintiffs. (*Id.* ¶¶ 15–16).

On April 2, 2018, Plaintiffs brought this action for breach of the Agreement, unjust enrichment, and promissory estoppel. (Dkt. No. 1). Plaintiffs served Defendant on April 24, 2018. (Dkt. No. 5). Defendant has not answered the Complaint or appeared in this action. (*See* Dkt. Nos. 7, 11). At Plaintiffs' request, on July 26, 2018, the Clerk entered Defendant's default. (Dkt. Nos. 14, 14-4, 15). On August 23, 2018, Plaintiffs filed and served the present motion for a default judgment against Defendant. (Dkt. Nos. 18, 18-7). Defendant did not respond.

### III. DISCUSSION

#### A. Default Judgment Standard

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also* L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded"). Second, under Rule 55(b), the plaintiff may apply for entry of default judgment by the clerk "[i]f the plaintiff's claim is for a sum certain," or by the court "[i]n all other cases." Fed. R. Civ. P. 55(b)(1), (2); *see also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a

3

proposed form of default judgment, and a copy of the pleading to which no response has been made.").

Although Plaintiffs appear to seek entry of a default judgment by the Clerk under Rule 55(b)(1) and Local Rule 55.2(a), (Dkt. No. 18), they filed their motion before the undersigned and their proposed order seeks entry of judgment by the Court, (Dkt. No. 19), consistent with Rule 55(b)(2). The Clerk may enter a default judgment only if the claim "is for a sum certain, or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Plaintiffs' claim for monies owed for medical services and treatment does not appear to be for a sum certain within the meaning of Rule 55(b)(1). *See* 10 Moore's Federal Practice § 55.20[2] and [3] (3d ed. 2018) (noting that the clerk may only enter a default judgment if the claim is "liquidated or for a fixed and indisputable amount, even if some calculation is needed to determine that amount"); *see also Alexandru v. Brown*, No. 11-CV-2157 (CBA)(LB), 2012 WL 2320792, *1, 2012 U.S. Dist. LEXIS 85076, at *2 (June 19, 2012) (ruling that the Plaintiff who sought general damages from conversion of investment must follow the procedures in Rule 55(b)(2)). Therefore, the Court will review Plaintiffs' motion under Rule 55(b)(2).

### B. Liability

By failing to answer the Complaint, Defendant is deemed to have admitted the factual allegations in the Complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."); *Rolex Watch, U.S.A., Inc. v. Pharel*, No. 09-cv-4810, 2011 WL 1131401, at *2, 2011 U.S. Dist. LEXIS 32249, at *5–6 (E.D.N.Y. Mar. 11, 2011) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim."). But before entering default judgment, the Court must review the

4

allegations to determine whether Plaintiffs have stated a valid claim for relief. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Telequip Corp. v. Change Exch.*, No. 01-cv-1748, 2004 WL 1739545, at *1, 2004 U.S. Dist. LEXIS 14892, at *3 (N.D.N.Y. Aug. 3, 2004).

Although Plaintiffs do not address whether New York or Pennsylvania law applies, the elements of a breach of contract claim are substantially the same under either. *Compare Canzona v. Atanasio*, 118 A.D.3d 837, 838 (2d Dep't 2014) ("The essential elements of a breach of contract cause of action are 'the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach.'" (quoting *Dee v. Rakower*, 112 A.D.3d 204, 208–29 (2d Dep't 2013))), *with Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016) ("It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages."). "Under New York choice of law rules, the first inquiry in a case presenting a potential choice of law issue is whether there is an actual conflict of laws on the issues presented. If not, no choice of law analysis is necessary." *Fed. Ins. Co. v. Am. Home Assur. Co.*, 639 F.3d 557, 566 (2d Cir. 2011) (internal citations omitted). Here, where the laws of New York and Pennsylvania render the same result, the Court need not conduct a choice-of-law analysis.

Plaintiffs have pleaded facts sufficient to establish all of the elements of their breach-of-contract claim against Defendant. The Complaint alleges that: Defendant agreed to pay for the Patient's medical services and assign benefits from his healthcare insurer to Plaintiffs; Plaintiffs provided medical services to the Patient in reliance upon those promises; Defendant then failed to satisfy her $273,679.27 payment obligation or assign benefits to Plaintiffs; and Plaintiffs were

5

damaged as a result. (Dkt. No. 1, ¶¶ 8, 11, 14, 19–26). Accordingly, taking the factual allegations in the Complaint as true, Plaintiffs have adequately stated their claim for breach of contract against Defendant.[2]

### C. Damages

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup*, 973 F.2d at 158). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). A hearing is not necessary where the record contains detailed affidavits and documentary evidence that enables the Court to evaluate the proposed sum and determine an award of damages. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) ("Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages."); Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.").

In support of their application for an award of damages, Plaintiffs rely on: (1) the affidavit of their attorney, who fails to set forth the basis for his purported "personal knowledge" of the damages in question, and states that "the amount owed by the Defendant has remained

---

[2] Because the Court can fashion a complete remedy based on Plaintiffs' breach-of-contract claim, it need not consider Plaintiffs' other theories of recovery.

unchanged, and is $273,679.27"; and (2) unauthenticated, redacted copies of the balances due. (Dkt. No. 18-6 at ¶ 8, Dkt. No. 1, at 13–49). The Court therefore lacks a sufficient evidentiary basis for an award of damages. *See E. Reg'l Med. Ctr., Inc. v. Santos*, No. 13-CV-4680, 2014 WL 1348012, at *2–3, 2014 U.S. Dist. LEXIS 46932, at*5 (E.D.N.Y. Apr. 3, 2014) (finding attorney affidavit in support of damages request "insufficient to establish Plaintiffs' damages and their entitlement to recovery" and requiring submission of an affidavit from an employee "with personal knowledge of the basis for the amounts sought").

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiffs' motion for default judgment (Dkt. No. 18) is **GRANTED** as to liability but **DENIED** as to damages; and it is further

**ORDERED** that Plaintiffs shall file an affidavit by an employee with personal knowledge in support of their application for damages by November 22, 2018.

**IT IS SO ORDERED.**

Dated: October 23, 2018
Syracuse, New York

Brenda K. Sannes
U.S. District Judge