# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

EASTERN REGIONAL MEDICAL CENTER,
INC. and CANCER TREATMENT CENTERS OF
AMERICA PROFESSIONAL CORPORATION OF
PENNSYLVANIA, P.C.,

5:18-cv-00396-(BKS-TWD)

         Plaintiffs,

v.

CHERYL FRY,

         Defendant.

---

**Appearances:**

*For Plaintiffs:*
Jacqueline M. Aiello, Esq.
Lijue Thomas Philip, Esq.
Stradley Ronon Stevens & Young LLP
100 Park Avenue, Suite 2000
New York, NY 10017

**Hon. Brenda K. Sannes, United States District Judge:**

## ORDER

    Plaintiffs Eastern Regional Medical Center, Inc. and Cancer Treatment Centers of America Professional Corporation of Pennsylvania, P.C. bring this diversity action against Defendant Cheryl Fry alleging that Defendant breached the parties' General Authorization and Conditions of Service Agreement (the "Agreement") by failing to pay $273,679.27 for medical services and treatments. (Dkt. No. 1, ¶¶ 18–26). In a Memorandum-Decision and Order entered on October 23, 2018, the Court granted Plaintiffs' motion for default judgment as to liability but denied their request for damages because Plaintiffs had failed to provide evidentiary support for their request. (Dkt. No. 20, at 6–7). The Court, however, allowed Plaintiffs to supplement their

request for damages. (Dkt. No. 20, at 7). On November 21, 2018, in support of their application for damages, Plaintiffs filed an affidavit by Stacey Morrissey, Plaintiffs' "Patient Financial Advocate." (Dkt. No. 21).

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup*, 973 F.2d at 158). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). A hearing is not necessary where the record contains detailed affidavits and documentary evidence that enables the Court to evaluate the proposed sum and determine an award of damages. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) ("Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages."); Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.").

As noted above, Plaintiffs seek a total of $273,679.27. On October 20, 2016, patient Edward Fry, who is now deceased, (*id.* ¶ 6), and Defendant entered into the Agreement with Plaintiffs, in connection with Plaintiffs' provision of medical services to Mr. Fry. (Dkt. No. 21, ¶¶ 3–4). Defendant signed the Agreement as a "spouse/guarantor." (Dkt. No. 1, at 11).

2

In her affidavit, Morrissey avers that Edward Fry sought medical treatment from Plaintiffs from approximately October 2016 to April 2017, (Dkt. No. 21, ¶ 3), and that, to date, Plaintiffs are owed $273,679.27 for these services. (*Id.* ¶ 10). Morrissey has attached the Agreement to her affidavit as well as invoices showing the amount due. (Dkt. No. 21-1; Dkt. No. 21-2). Plaintiffs have therefore established an evidentiary basis for the damages they seek. Accordingly, Plaintiffs are entitled to judgment in the amount of $273,679.27.

For these reasons, it is hereby

**ORDERED** that Plaintiffs are awarded $273,679.27 in damages; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment in Plaintiffs' favor and close this case.

**IT IS SO ORDERED.**

Date: December 14, 2018
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge